**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| INMARSAT GLOBAL LIMITED, <br><br> Appellant, <br><br> v. <br><br> AST SPACEMOBILE, INC., LIGADO NETWORKS LLC, and LIGADO NETWORKS (CANADA) INC., <br><br> Appellees. | Civ. No. 26-cv-118-UNA <br><br> Bankruptcy Case No. 25-10006 (TMH) |

**APPELLANT INMARSAT GLOBAL LIMITED'S MOTION TO SEAL
CERTAIN EXHIBITS TO DECLARATION OF JOHN P. JANKA IN SUPPORT OF
<u>EMERGENCY MOTION FOR STAY PENDING APPEAL</u>**

Appellant Inmarsat Global Limited ("Inmarsat") by and through its undersigned counsel, hereby respectfully moves this Court (the "Motion"), for entry of an order granting permission to file under seal certain exhibit to the Declaration of John P. Janka (the "Janka Declaration") filed in support of the *Emergency Motion for Stay Pending Appeal* (the "Stay Motion").

"Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The presumption of public access is overcome where the material sought to be protected is (1) "the kind of information that courts will protect[,]" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

Certain exhibits attached to the Janka Declaration contain confidential, sensitive business information. Appellant has also filed a motion to seal [Bankr. Docket No. 1251] in the Bankruptcy Court to file under seal certain confidential exhibits attached to the *Declaration of Kate Scherling in Support of Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders* [Docket No. 1250] (the "Declaration"). The Declaration was filed in support of *Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion By AST & Science LLC for Entry of an Order Enforcing the Mediated Agreement and Related Orders* [Docket No. 1249] (the "Objection"), which objection was overruled by the Bankruptcy Court in its order that precipitated this appeal by Appellant. The motion to seal is unopposed in the Bankruptcy Court, and Appellant expects an order to be entered soon granting that motion to seal.

As noted above, "[d]ocuments containing . . . confidential business information"—like the documents and information at issue here—are a type of information that courts may protect from public disclosure. *Leucadia*, 998 F.2d at 166. This Court has granted such motions in the past, further demonstrating that this is the kind of information that courts will protect. *See, e.g.*, *AbbVie Inc. v. Gilead Scis., Inc.*, C.A. No. 14-379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (granting motion to seal a complaint that disclosed information subject to a contractual confidentiality obligation); *Nanomotion, Ltd. v. Tamron Co. Ltd.*, C.A. No. 13-498-GMS, D.I. 7 (D. Del. Apr. 1, 2013) (same); *Lithero, LLC v. AstraZeneca Pharms. LP*, No. 19-2320-RGA, D.I. 5 (D. Del. Dec. 20, 2019) (same). Moreover, publicly filing this information would result in serious harm to Appellant by causing public disclosure of confidential information, which is commercially sensitive and relates to private financial matters.

Certain exhibits attached to the Janka Declaration contain commercially sensitive and confidential business information. The Appellant has sought to seal this same information in the Bankruptcy Court. Appellant respectfully requests that it be permitted to file the same sealed documents in this Court as part of the Janka Declaration or in any future filings in this Court if such documents were sealed in the Bankruptcy Court proceedings.

Accordingly, Appellant respectfully requests leave to file the applicable documents under seal in this Court, whether part of the Appendix or in any further filings in this Court. In accordance with D. Del. L.R. 5.1.3, Appellant will prepare a redacted version of the Janka Declaration with the confidential information removed, and will file the redacted version within seven days.

Dated: February 4, 2026

STEPTOE LLP

By: */s/ Alfred M. Mamlet*
    Alfred M. Mamlet (*pro hac vice*)
    1330 Connecticut Ave NW
    Washington, DC 20036
    (202) 429-3000
    amamlet@steptoe.com

    Charles Michael (*pro hac vice*)
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    cmichael@steptoe.com

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Laura Davis Jones*
    Laura Davis Jones (DE Bar No. 2436)
    Timothy P. Cairns (DE Bar No. 4228)
    919 N. Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE  19899-8705
    (302) 652-4100
    ljones@pszjlaw.com
    tcairns@pszjlaw.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Benjamin Finestone*
    Benjamin Finestone
    Kate Scherling
    295 5th Avenue,
    New York, NY  10016
    (212) 849-7000
    benjaminfinestone@quinnemanuel.com
    katescherling@quinnemanuel.com

    John Bash
    Jacob C. Beach
    300 West 6th St., Suite 2010
    Austin, TX  78701
    (737) 667-6100
    johnbash@quinnemanuel.com
    jacobbeach@quinnemanuel.com

*Counsel for Inmarsat Global Limited*