## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*[1] | Bankr. Case No. 25-10006-TMH |
| Debtors. | Jointly Administered |
| INMARSAT GLOBAL LIMITED, | |
| Appellant, | |
| v. | Case No. 1:26-cv-00118-GBW |
| AST & SCIENCE, LLC, and LIGADO NETWORKS, LLC | |
| Appellees. | |

**INMARSAT GLOBAL LIMITED'S DESIGNATION OF ITEMS
TO BE INCLUDED IN THE RECORD ON APPEAL AND
STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, as supplemented by Rule 8009-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Appellant Inmarsat Global Limited ("Inmarsat"), hereby submits the following designation of items[2] to be included in the record on appeal and statement of issues in connection with Inmarsat's Notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

[2] The designation of each item herein includes any exhibits and/or attachments filed together with that item under the same docket number.

1

Appeal, dated February 2, 2026 [Bankr. Docket No. 1324].  This Designation of the Record and Statement of Issues has been filed with the Bankruptcy Court at D.I. 1370.

I. **Designation of Items for Inclusion in the Record on Appeal**

| Item | Bankr. Court Docket No. | Date | Description |
|---|---|---|---|
| 1. | 1 | 1/5/25 | Chapter 11 Voluntary Petition |
| 2. | 2 | 1/6/25 | Declaration of Douglas Smith, Chief Executive Officer of Ligado Networks, LLC, in Support of Chapter 11 Petitions and First Day Hearing |
| 3. | 352 | 3/22/25 | Debtors' Motion for Entry of An Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief [SEALED] |
| 4. | 359 | 3/26/25 | Debtors' Motion for Entry of An Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief [REDACTED] |
| 5. | 462 | 4/25/25 | Inmarsat Global Limited's Objection to Debtors' Motion for Entry of An Order Authorizing the Debtors to Enter Into the AST Definitive Documents |
| 6. | 692 | 6/23/25 | Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief |
| 7. | 824 | 8/14/25 | Motion of Inmarsat Global Limited for Entry of an Order Enforcing and Implementing the Mediated Agreement [SEALED] |
| 8. | 825 | 8/14/25 | Motion of Inmarsat Global Limited for Entry of an Order Enforcing and Implementing the Mediated Agreement [REDACTED] |
| 9. | 826 | 8/14/25 | Debtors' Motion for an Order (I) Enforcing the AST Order and Mediated Agreement and (II) Granting Related Relief [SEALED] |
| 10. | 827 | 8/14/25 | Debtors' Motion for an Order (I) Enforcing the AST Order and Mediated Agreement and (II) Granting Related Relief [REDACTED] |

| 11. | 895 | 8/27/25 | Inmarsat Global Limited's Opposition to Ligado's Motion to Enforce the Parties' Mediated Agreement |
| --- | --- | --- | --- |
| 12. | 940 | 9/2/25 | Order Regarding Motions to Enforce |
| 13. | 947 | 9/3/25 | Transcript of Hearing Held on August 29, 2025 before the Bankruptcy Court |
| 14. | 1007 | 9/29/25 | Revised Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Reorganization, attaching Joint Chapter 11 Plan of Ligado Networks LLC and its Affiliated Debtors and Debtors in Possession |
| 15. | 1220 | 1/2/26 | Debtors' Motion for An Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief, with Proposed Order |
| 16. | 1221 | 1/2/26 | Emergency Motion by AST & Science LLC for Entry of An Order Enforcing the Mediated Agreement and Related Orders of This Court Against Inmarsat Global Limited, with Proposed Order |
| 17. | 1222 | 1/2/26 | Debtors' Motion for an Order Shortening the Notice and Objection Periods and Waiving Local Rules 9006-1(c)(ii) and 9006-1(d) with Respect to the Debtor's Motion for An Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief |
| 18. | 1223 | 1/2/26 | Motion by AST & Science LLC for Entry of An Order Shortening the Notice and Objection Periods and Preserving the Status Quo with Respect to AST's Emergency Motion for Entry of An Order Enforcing the Mediated Agreement and Related Orders of This Court Against Inmarsat Global Limited |
| 19. | 1230 | 1/6/26 | Order Shortening the Notice and Objection Periods and Waiving Local Rules 9006-1(c)(ii) and 9006-1(d) with Respect to the Debtors' Motion for An Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief |
| 20. | 1232 | 1/6/26 | Order Shortening the Notice and Objection Periods and Preserving the Status Quo with Respect to AST's Emergency Motion for Entry of An Order Enforcing the Mediated Agreement and Related Orders of This Court Against Inmarsat Global Limited |
| 21. | 1246 | 1/9/26 | Inmarsat Global Limited's Witness and Exhibit List for Hearing Scheduled for January 14, 2026 at 11:30 A.M. (Eastern Time) |

4931-1954-6256.1 42241.00001

| 22. | 1249 | 1/12/26 | Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders |
|---|---|---|---|
| 23. | 1250 | 1/12/26 | Declaration of Kate Scherling in Support of Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders [SEALED] |
| 24. | 1252 | 1/12/26 | Declaration of Kate Scherling in Support of Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders [REDACTED] |
| 25. | 1276 | 1/20/26 | Transcript of Hearing Held on January 14, 2026 before the Bankruptcy Court |
| 26. | 1304 | 1/30/26 | Order Granting (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC for Entry of an Order Enforcing the Mediated Agreement and Related Orders of this Court Against Inmarsat Global Limited, dated January 30, 2026 |
| 27. | 1324 | 2/2/26 | Notice of Appeal |
| 28. | 1325 | 2/2/26 | Transcript of Oral Ruling dated January 27, 2026 |

Inmarsat expressly reserves, and does not waive the right to amend, supplement, or otherwise modify the foregoing designations, to adopt the designation of any items designated or counter-designated by any party to this appeal, and/or to object to or move to strike the items designated or counter-designated for inclusion in the record on appeal by any such other parties. This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges, and objections.

4

## II. Statement of Issues to Be Presented on Appeal

1. Whether the bankruptcy court erred in granting the injunctive and equitable relief (i.e., specific performance) requested in Appellees' motions without an adversary proceeding in violation of Federal Rule of Bankruptcy Procedure 7001(g).

2. Whether the bankruptcy court erred in concluding that Inmarsat violated the automatic stay by commencing the New York action where the New York action did not seek to obtain possession of or exercise control over Ligado's property and where 28 U.S.C. § 959 independently authorized the suit against a debtor in possession with respect to acts in carrying on its business.

3. Whether the bankruptcy court erred in concluding that Inmarsat violated the automatic stay where the bankruptcy court had previously directed the parties to resolve disputes under the post-petition contracts in the New York court in accordance with their venue provisions.

4. Whether, even assuming a stay violation, the bankruptcy court erred in ordering dismissal of the New York action with prejudice, rather than treating the action as *void ab initio* and thus ordering dismissal without prejudice.

5. Whether the bankruptcy court erred in ordering Inmarsat to support Ligado's FCC application where Ligado and AST failed to satisfy a material condition precedent to Inmarsat's support obligation.

6. Whether the bankruptcy court abused its discretion in ordering Inmarsat to make false representations to the FCC about Ligado's pending license application.

## III. Certification Pursuant to Bankruptcy Rule 8009(b)

Inmarsat certifies that it is not ordering a transcript not already on file with the Court and that transcripts of parts of the proceedings that Inmarsat considers necessary for the appeal were previously transcribed and are included in this designation of the record on appeal.

4931-1954-6256.1 42241.00001

Dated: February 16, 2026

STEPTOE LLP

By: */s/ Alfred M. Mamlet*
   Alfred M. Mamlet (admitted *pro hac vice*)
   1330 Connecticut Ave NW
   Washington, DC 20036
   (202) 429-3000
   amamlet@steptoe.com
   Charles Michael (admitted *pro hac vice*)
   1114 Avenue of the Americas
   New York, New York 10036
   (212) 506-3900
   cmichael@steptoe.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Benjamin Finestone*
   Benjamin Finestone
   Kate Scherling
   295 5th Avenue
   New York, NY 10016
   (212) 849-7000
   benjaminfinestone@quinnemanuel.com
   katescherling@quinnemanuel.com

   John Bash
   Jacob C. Beach
   300 West 6th St., Suite 2010
   Austin, TX 78701
   (737) 667-6100
   johnbash@quinnemanuel.com
   jacobbeach@quinnemanuel.com

*Counsel for Inmarsat Global Limited*

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Peter J. Keane*
   Laura Davis Jones (DE Bar No. 2436)
   Peter J. Keane (DE Bar No. 5503)
   919 N. Market Street, 17th Floor
   P.O. Box 8705
   Wilmington, DE 19899-8705
   (302) 652-4100
   ljones@pszjlaw.com
   pkeane@pszjlaw.com

4931-1954-6256.1 42241.00001