# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 824, 825, 826, 827** |
| | ) | |

## ORDER REGARDING MOTIONS TO ENFORCE

Upon consideration of the (i) *Debtors' Motion for an Order (I) Enforcing the AST Order and Mediated Agreement and (II) Granting Related Relief* [Sealed Docket No. 826, Redacted Docket No. 827] ("Debtors' Motion to Enforce")[2], (ii) *Inmarsat Global Limited's Motion to Enforce and Implement the Mediated Agreement* [Sealed Docket No. 824, Redacted Docket No. 825] ("Inmarsat's Motion to Enforce" and, together with the Debtors' Motion to Enforce, the "Motions to Enforce"), (iii) *Inmarsat Global Limited's Opposition to Ligado's Motion to Enforce the Parties Mediated Agreement* [Docket No. 895], (iv) *Debtors' Objection to Inmarsat's Motion for an Order Enforcing and Implementing the Mediated Agreement* [Docket No. 898], and (v) *AST's (A) Objection to Inmarsat's Motion for Entry of Order Enforcing and Implementing the Mediated Agreement and (B) Joinder in Support of Debtors' Motion for Order Enforcing the AST Order and Mediated Agreement* [Sealed Docket No. 896]; and the Court having jurisdiction over

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Motion to Enforce or the AST Order [Docket No. 692], as applicable .

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motions to Enforce and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motions to Enforce and having heard the statements and argument in support of the relief requested at a hearing, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motions to Enforce and at the Hearing establish just cause for the relief granted in this Order; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Debtors' Motion to Enforce is DENIED, as set forth herein.

2. Inmarsat's Motion to Enforce is DENIED, as set forth herein.

3. The Debtors, Inmarsat Global Limited, and AST & Science, LLC, are hereby directed to incorporate the specific language of the Settlement Term Sheet (Docket No. 692-1) into the Amended Inmarsat Cooperation Agreement and the Inmarsat-AST Agreement, as applicable, unless otherwise mutually agreed by the parties.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

5. All parties' rights are reserved with respect to the terms and provisions of the Settlement Term Sheet, the Amended Inmarsat Cooperation Agreement and the Inmarsat-AST Agreement (each as defined in the Settlement Term Sheet), including, for the avoidance of doubt, the matters presented to the Court in connection with the Motions to Enforce.

Dated: September 2nd, 2025  
Wilmington, Delaware

THOMAS M. HORAN  
UNITED STATES BANKRUPTCY JUDGE